Filed 9/7/16  P. v. Hicks CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041792 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS131183A) |
| v. | |
| DAMONE LESHUN HICKS, | |
| Defendant and Appellant. | |

Damone Leshun Hicks was convicted of possession of a weapon by a prisoner, and he was sentenced under the Three Strikes law to an aggregate term of 25 years to life. He challenges the trial court's denial of his motion under Penal Code section 1385[1] to dismiss five prior "strike" convictions.  For the reasons stated here, we will affirm the judgment.

### I.  BACKGROUND

#### A.  THE CHARGED OFFENSE

Defendant was charged with possession of a weapon by a prisoner.  (§ 4502, subd. (a)).  At the preliminary hearing, a Salinas Valley State Prison correctional officer testified that defendant, an inmate, possessed a self-manufactured weapon that could be used for defensive or offensive slashing purposes.  On January 1, 2013, the officer was patting down defendant, who was reentering a building from the prison yard. Defendant's right hand was cupped during the pat down, and the officer noticed some

_____

[1] Statutory references are to the Penal Code.

sort of razor tucked into the palm of that hand.  The officer grabbed defendant's wrist and yelled "weapon."  Defendant resisted by trying to step away, and another correctional officer assisted in restraining him.

Once defendant was restrained, the testifying officer located the weapon on the ground nearby.  A photograph of the weapon was admitted into evidence.  The weapon was an altered single-edged prison-issued razor blade supported by foil tape and was considered to be contraband.

## B.      THE "STRIKE" OFFENSES

The information contained a special allegation that defendant had been convicted of five serious and/or violent felonies within the meaning the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subd. (c)(2)):  (1) murder with a firearm (§§ 187, 12022.53, subd. (d)); (2) through (4) attempted murder with a firearm (§§ 664, 187, 12022.53, subd. (d)); and (5) possession of a firearm for the benefit of a criminal street gang (former § 12021, § 186.22, subd. (b)(1)).  The prior offenses stemmed from a gang-related drive-by shooting in May 2006, while defendant was on parole.  When he was caught with the weapon on January 1, 2013, defendant was serving 114-years-to-life for the 2006 murder and attempted murders.[2]

## C.      THE ROMERO MOTION

Defendant filed a pre-trial motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and *People v. Williams* (1998) 17 Cal.4th 148 to dismiss the prior convictions alleged under the Three Strikes law, or in the alternative to strike some of the priors so that he would be sentenced as a one-strike offender.  The motion described defendant as a 47-year-old inmate serving consecutive life sentences who suffered from paranoid schizophrenia and had been enrolled in the mental health program at the prison since 2008.  According to the motion, defendant was illiterate, suffered from memory

---

[2] Defendant's sentence for the firearm conviction was stayed under section 654.

2

loss, and did not understand why he had been charged with possessing a razor blade. Defendant had only one rule violation in prison, a non-violent drug possession.

Defendant argued that justice would not be served by prosecuting the prior strike allegation because the current offense was non-violent, and even without the strike enhancement defendant would die in prison. He pressed that he had "gone above and beyond in terms of rehabilitating himself and helping others," that he had "separated himself from violence," and that he was "addressing his mental issues through the enrollment in the [prison] mental health program[.]" Further, he argued that it was "questionable whether or not this razor blade was indeed in his hand" considering the facts of the case. Defendant argued at the *Romero* hearing there was no state interest in imposing another life term "simply because the statute allows it," given that he would not be released on the earlier convictions until he was 132 years old.

Denying the motion, the trial court stated: "The Court has read and considered the moving papers, the opposition papers, statements of counsel. The court has considered this current offense. The current offense appears relatively minor in that it's possession of a weapon. However, it's the foundation for any violence in state prison. [¶] The Court is concerned that the current offense does involve violence. The defendant's prior strikes are incredibly serious and all involved violence. [¶] In reviewing the defendant's additional background I do note that he's 47 years old. He's serving a number of life sentences. [¶] I also looked at his prior criminal history and noted he has five prior prison terms including crimes of robbery. I noted at least three prior weapons violations, all separate, drugs, thefts. [¶] I also note that the defendant has had some difficulties as noted in the moving papers. [¶] I also note that there's been only a rules violation, I believe a drug possession, and no violation since 2006. [¶] However, the defendant's history is replete with violence and this incident does portend the defendant is within – is within the spirit of the Three Strikes Law."

3

**D.     TRIAL AND SENTENCING**

In a bifurcated trial, a jury found defendant guilty as charged, and the court found true the prior strike allegations.  Defendant was sentenced to an aggregate term of 25-years-to-life consecutive to the life terms he was already serving.

## II.  DISCUSSION

The trial court has the authority under section 1385 to strike a prior conviction allegation brought under the Three Strikes law "in furtherance of justice."  (§ 1385; *Romero*, *supra*, 13 Cal.4th at pp. 529–530.)  In making that determination, the court is required to consider the defendant's constitutional rights and society's interest in a fair prosecution.  (*Romero*, at pp. 530–531.)  "[P]reponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects."  (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.)  Circumstances must be extraordinary to deem a career criminal as falling outside the spirit of the Three Strikes law.  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

We review a trial court's denial of a motion to dismiss an allegation under the Three Strikes law for an abuse of discretion.  (*People v. Carmony*, *supra*, 33 Cal.4th at p. 375.)  The party attacking the denial has the burden to show that the decision was irrational or arbitrary.  (*Id*. at pp. 376–377.)  Absent that showing, the trial court is presumed to have achieved legitimate sentencing objectives, and its discretionary determination will be upheld.  (*Ibid*.)  In light of that presumption, an abuse of discretion will be found only in limited circumstances.  An abuse of discretion occurs where the trial court is unaware of its discretion to dismiss, where it considers impermissible factors in declining to dismiss, or where the resulting sentence produces an arbitrary, capricious or patently absurd result under the particular facts of a specific case.  (*Id*. at p. 378.)

4

Defendant argues that the trial court abused its discretion by failing to consider the entirety of his background in denying the *Romero* motion. Specifically, defendant asserts that his culpability on the prior strike offenses "may have been mitigated by his serious mental illness"—paranoid schizophrenia. Defendant urges that mental illness bears heavily on a defendant's culpability, and the trial court should have evaluated his past and current offenses through the prism of any such diagnosis.

We find no abuse of discretion on this record. In its oral pronouncement, the court noted defendant's criminal history including robbery and weapons offenses, it considered the prior strikes serious and violent, and it viewed the current offense as "the foundation for any violence in state prison." The court also took into account "the particulars of [defendant's] background, character, and prospects." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161.) The court stated that it had read and considered the moving papers and reviewed defendant's additional background, and it specifically acknowledged that defendant had some difficulties, "as noted in the moving papers."

The court was not required to place greater weight on mental illness than other relevant factors, or to address defendant's mental health with more specificity. (*People v. Carrasco* (2008) 163 Cal.App.4th 978, 993–994.) Here, a Los Angeles County jury found the defendant guilty of committing one murder and three attempted murders, and there was no evidence presented in support of the *Romero* motion that defendant was suffering from any diminished capacity when he committed those offenses. Although the record showed that defendant was "a participant in the Mental Health Services Delivery System" when the current offense occurred, defendant provided no documentation supporting any mental illness or diminished capacity concerns that would have required special consideration by the trial court.

## III. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**


_____

Rushing, P.J.



_____

Elia, J.



*People v Hicks*
**H041792**